Jonathan M. Lebe (State Bar No. 284605)
Jon@lebelaw.com
Annaliz Loera (State Bar No. 334129)
Annaliz@lebelaw.com
Nicolas W. Tomas (State Bar No. 339752)
Nicolas@lebelaw.com
**Lebe Law, APLC**
777 S. Alameda Street, Second Floor
Los Angeles, CA 90021
Telephone: (213) 444-1973

Attorney for Plaintiff Jamie Long,
Individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE LONG, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> JUNIPER NETWORKS (US), INC., <br><br> Defendant. | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT** <br><br> DEMAND FOR JURY TRIAL |

CLASS ACTION COMPLAINT

Plaintiff Jamie Long, individually and on behalf of all others similarly situated, alleges as follows:

**NATURE OF ACTION AND INTRODUCTORY STATEMENT**

1. Plaintiff Jamie Long ("Plaintiff") is an individual who worked for Defendant Juniper Networks (US), Inc. ("Defendant"). She brings this action on behalf of herself individually and a putative class of employees working throughout California and nationwide.

2. Defendant is in the business of developing and marketing networking products to customers nationwide.

3. Through this action, Plaintiff alleges that Defendant has engaged in a systematic pattern of wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA).

4. Plaintiff brings this action based on Defendant's failure to maintain a policy that compensates its employees for all overtime wages. There are many similarly situated current and former employees who have not been paid for all hours worked over 40 in a workweek, in violation of the FLSA. Indeed, Plaintiff was not paid any overtime each and every week during her employment from October of 2017 to February of 2021 when she worked for Defendant. Plaintiff worked well over 40 hours most weeks, often worked 12-hour days, and frequently worked six or seven days out of the week – all without ever being paid overtime.

5. Plaintiff brings this lawsuit seeking monetary relief against Defendant on behalf of herself and all other similarly situated to recover, among other things, unpaid wages and commissions, interest, attorneys' fees, costs, expenses, and penalties pursuant to the FLSA.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this complaint alleges claims under the laws of the United States, specifically the FLSA.

7. The United States District Court for the Northern District of California has personal jurisdiction over Defendant because many of the acts complained of and giving rise to the claims alleged took place in California and in this District.

## THE PARTIES

8. Plaintiff is a citizen of California. Plaintiff worked for Defendant from approximately October of 2017 to approximately February of 2021. Details regarding Plaintiff's precise hours, pay, and revenue generated for Defendant are available by reference to Defendant's records.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant at all times hereinafter mentioned, were are are employers as defined in and subject to the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

10. Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated commissioned employees who elect to opt into this action who work or have worked for Defendant as commissioned employees nationwide in the past three (3) years ("the FLSA Class").

11. Defendant is liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and other commissioned employees. There are many similarly situated current and former commissioned employees who have not been paid for all hours worked over 40 in a workweek in violation of the FLSA who would benefit from the issuance of a court-supervised notice regarding the present lawsuit and the opportunity to join it. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records, such that notice should be sent to them pursuant to 29 U.S.C. § 216(b).

///
///
///
///

CLASS ACTION COMPLAINT

# FIRST CAUSE OF ACTION
# FAILURE TO PAY OVERTIME WAGES
### (Violation of 29 U.S.C. § 207, 211 & 29 C.F.R. § 516.2(b))

1. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

2. At all relevant times, Defendant has been an employer and Plaintiff and its employees have been employees under Federal Law entitled to the protections of the FLSA.

3. The FLSA requires employers to keep accurate records of hours worked and wages paid, among other information, and to provide these records to their employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(b). Defendant's practices and policies were violations of these requirements.

4. Although Plaintiff and putative FLSA members periodically worked more than 40 hours in a week, Defendant had a policy and practice of failing and refusing to pay employees overtime and thus violated and continue to violate the above-referenced overtime provisions of the FLSA. Indeed, Plaintiff worked well over 40 hours most weeks, often worked 12-hour days, and frequently worked six or seven days out of the week – all without ever being paid overtime.

5. Plaintiff and FLSA Members seeks the amount of the respective unpaid wages owed to them, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §§ 201 et seq. and such other legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for judgment against Defendant as follows:

1. For certification of this action as a class action, including certifying the FLSA Class alleged by Plaintiff;

2. For appointment of Jamie Long as the class representative;

3. For appointment of Lebe Law, APLC as class counsel for all purposes;

4. For compensatory damages in an amount according to proof with interest thereon;

5. For economic and/or special damages in an amount according to proof with interest thereon;

6. For any unpaid wages and benefits, interest, attorneys' fees, costs and expenses and penalties pursuant to the FLSA;

7. For liquidated damages pursuant to the FLSA;

8. For reasonable attorneys' fees, costs of suit and interest to the extent permitted by law, including pursuant to the FLSA;

9. For pre-judgment interest; and

10. For other relief as the Court deems just and proper.

Dated: February 24, 2022     **LEBE LAW, APLC**

By: /s/ Jonathan M. Lebe
Jonathan M. Lebe
Annaliz Loera
Nicolas W. Tomas
Attorneys for Plaintiff Jamie Long

///
///
///
///
///
///
///
///
///

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: February 24, 2022

**LEBE LAW, APLC**

By: /s/ Jonathan M. Lebe
Jonathan M. Lebe
Annaliz Loera
Nicolas W. Tomas
Attorneys for Plaintiff Jamie Long

CLASS ACTION COMPLAINT